Submitted on briefs November 20, 1923, dismissed February 5, motion to vacate order of dismissal allowed March 11, objections to motion vacating order of dismissal denied March 18, 1924, affirmed March 25, 1924.

# LEONIE D. SCHMITT *v.* JACKSON COUNTY CREAMERY AND S. A. KROSCHEL.

### (222 Pac. 585; 224 Pac. 278.)

**Appeal and Error—Suit Dismissed Where Testimony Necessary to Settlement of Issues on Appeal not Forwarded.**

1. A suit will be dismissed as for want of prosecution where the settlement of issues on appeal requires the examination of the testimony taken before the trial court, and which has not been forwarded to appellate court though requested by the clerk.

### ON THE MERITS.

**Reformation of Instruments—Facts Held not to Require Reformation of Contract of Settlement.**

2. Where a corporation manager and bookkeeper made a settlement of the bookkeeper's salary on the basis of a former agreement whereby the latter should receive 25 per cent of the profits, and a statement of profits was submitted by the bookkeeper, omitting certain items of which the manager had knowledge, *held,* in bookkeeper's suit for specific performance of the contract of settlement against the corporation and the manager, that such statement was not sufficiently misleading to require reformation of the settlement contract prayed by the manager.

From Jackson: F. M. CALKINS, Judge.

In Banc.

DISMISSED. MOTION TO VACATE. ORDER OF DISMISSAL ALLOWED.

For appellants there was a brief over the name of *Mr. Porter J. Neff.*

For respondent there was a brief over the names of *Mr. H. K. Hanna* and *Mr. W. E. Phipps.*

PER CURIAM.—1. This is a suit involving an accounting in connection with a block of stock in the

See 4 C. J. 1113.

defendant corporation, decided by the Circuit Court in favor of the plaintiff, and appealed by the defendants.

The settlement of the issues on appeal required the examination of the testimony taken before the trial court, but as no report of the testimony has been forwarded to this court, notwithstanding requests for the same from our clerk, there are no data by which we can formulate a decision of the questions involved. For want of these, the suit is dismissed as for want of prosecution, neither party to recover costs or disbursements in this suit.

DISMISSED.

———

## ON THE MERITS.

(224 Pac. 278.)

From Jackson: F. M. CALKINS, Judge.

In Banc.

2. This suit was instituted for the purpose of specifically enforcing a contract for the sale by the plaintiff of 100 shares of the capital stock of the defendant corporation, and the purchase of the same by the defendant Kroschel. The contract is set out in full in the complaint. The defendant in his answer set up a prior contract and alleges that the contract set out in plaintiff's complaint was based upon the prior contract between the parties; that the contract set out in the complaint does not correctly state the actual agreement between the parties, prays for a reformation of the contract set out in the plaintiff's complaint, and a decree in accordance with the contract as reformed.

The plaintiff claims, under the contract, the sum of $1,500 in accordance with the terms of the contract set out in his complaint, and the defendants concede that the plaintiff is entitled to a judgment for $375. The suit was heard upon the testimony. The court made its findings and conclusions in favor of the plaintiff and rendered a decree specifically enforcing the contract as prayed for in plaintiff's complaint and rendered judgment in favor of the plaintiff for the sum of $1,500. From this decree and judgment the defendants appeal.

The contract for the sale of said stock provided that the plaintiff should receive the profits earned by said capital stock from the time it was issued until the consummation of the sale. These provisions in the contract, however, were waived by the plaintiff in the Circuit Court.          AFFIRMED.

For appellants there was a brief over the name of *Mr. Porter J. Neff.*

For respondent there was a brief over the names of *Mr. H. K. Hanna* and *Mr. W. E. Phipps.*

COSHOW, J.—This appeal presents no controverted question of law. The plaintiff Kroschel bases his contentions upon the well-established principle that in dealings between a principal and his agent, where confidence and trust is reposed in the agent, the latter must disclose to the principal all facts not within the possession of the principal. The plaintiff did not question the principle of law upon which the defendant seeks to reform the contract. The plaintiff was the bookkeeper for the defendants. Prior to December 1, 1918, the plaintiff kept the books for the defendant Kroschel and from that

time for the defendant corporation. The contract, which is the basis of this suit and which is sought to be reformed, was entered into by the parties as an inducement to the plaintiff to remain in the employ of the defendant corporation as such bookkeeper. The contention of the defendant is that the price fixed in the contract was based upon a prior contract wherein the plaintiff was to receive, in addition to his monthly salary, 25 per cent of the profits of the business. Soon after December 1, 1918, the date upon which the defendant corporation took over the business, the plaintiff and defendant Kroschel had a settlement resulting in the contract sued upon. The defendant Kroschel now claims that in this settlement he was misled by a statement of profits made by the plaintiff. The claim of the defendant Kroschel is that instead of the profits amounting to $1,500, as shown by the statement made by plaintiff and relied upon by the defendant Kroschel, the profits actually did not exceed $375. The evidence shows that the plaintiff and the defendant Kroschel acted together in making the settlement; that the plaintiff was the bookkeeper, but that Kroschel was the manager of the business, drew the checks for the payment of all accounts, and that there was no misrepresentation on the part of plaintiff. In fact, the defendant Kroschel does not accuse the plaintiff of any actual deceit, fraud or misrepresentation. He does contend, however, that a statement of the profits made by the plaintiff is not correct in this, that it was incomplete; that he relied absolutely upon that statement and was thereby misled to his injury. The most that is contended for on behalf of the defendant is that certain items were omitted from the statement prepared by the plaintiff. These items

were items of which the defendant had knowledge. No acts or words of the plaintiff should reasonably have misled the defendant. The controversy here being entirely one of facts, the Circuit Court, having heard the witnesses and observed the manner in which they testified, was in a better position to determine the weight of the testimony than is this court. The evidence does not satisfy us that the defendant Kroschel is entitled to a reformation of the contract. The defendants admitted the execution of the contract. We concur with the findings and conclusions of the Circuit Court.

The decree is affirmed.          Affirmed.